**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. |
| BOUCHARD TRANSPORTATION ) COMPANY, INC., ) ) | |
| TUG EVENING TIDE CORPORATION, and ) ) | |
| B. No. 120 CORPORATION, ) ) | |
| Defendants. ) ) | |

**COMPLAINT**

The Commonwealth of Massachusetts (Commonwealth), by authority of the Attorney General for the Commonwealth, acting at the request of the Massachusetts Executive Office of Energy and Environmental Affairs (EEA), brings this complaint and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil action brought against Bouchard Transportation Company, Inc., Tug Evening Tide Corporation, and B. No. 120 Corporation (Defendants) pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §§ 2701-2761, and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-22 (Chapter 21E), seeking natural resource damages, as specifically identified herein, arising from an oil spill from the Defendants' tank barge Bouchard No. 120 into

or on navigable waters of the United States and the waters of the Commonwealth and adjoining shorelines in and around Buzzards Bay, Massachusetts (the "Oil Spill").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Section 1017 of OPA, 33 U.S.C. § 2717(b).  This Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District, pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because the discharge of oil and natural resource injuries occurred in this District.

## PARTIES

4.    The Plaintiff is the Commonwealth of Massachusetts appearing by and through the Attorney General of the Commonwealth of Massachusetts and the Massachusetts Executive Office of Energy and Environmental Affairs.

5.    The Attorney General is the chief law officer of the Commonwealth, with offices at One Ashburton Place, Boston, Massachusetts.  She is authorized to bring this action, and to seek the relief requested herein, pursuant to Mass. Gen. Laws ch. 12, §§ 3 and 11D.

6.    The Executive Office of Energy and Environmental Affairs (EEA) maintains its principal office at 100 Cambridge Street, Suite 900, Boston, Massachusetts.  The EEA Secretary is the Massachusetts official designated to act on behalf of the public as trustee for natural resources managed or protected by the Commonwealth and its agencies. Mass. Gen. Laws ch. 21A, § 2A.

7.    Defendant Bouchard Transportation Company, Inc., is a New York corporation with its principal place of business in Hicksville, New York.  Defendant Bouchard Transportation Company, Inc., was the owner/operator of the tank barge Bouchard No. 120 at the time of the Oil Spill.

8.    Defendant Tug Evening Tide Corporation is a New York corporation with its principal place of business in Hicksville, New York.  It is/was a wholly-owned subsidiary of Defendant Bouchard Transportation Company, Inc., and was towing the tank barge Bouchard No. 120 at the time of the Oil Spill.

9.    Defendant B. No. 120 Corporation is a New York corporation with a principal place of business in Melville, New York.  It is/was a wholly-owned subsidiary of Defendant Bouchard Transportation Company, Inc., and the owner of the tank barge B. No. 120 at the time of the Oil Spill.

10.    Each Defendant is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

## STATUTORY BACKGROUND

### The Oil Pollution Act of 1990

11.    Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the removal costs and damages . . . that result from such incident."

12.    Section 1001(32) of OPA, 33 U.S.C. § 2701(32), defines "responsible party" to include, "[i]n the case of a vessel, any person owning [or] operating . . . the vessel."

- 3 -

13. The term "discharge" includes any "spilling, leaking, pumping, pouring, emitting, emptying, or dumping" pursuant to Section 1001(7) of OPA, 33 U.S.C. § 2701(7).

14. "Damages" for which a responsible party is liable, pursuant to Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include, "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage . . . ." 33 U.S.C. §§ 2701(5), 2702(b)(2).

15. Pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), the EEA Secretary has been designated as trustee for the Commonwealth for recovery under OPA for injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth and its agencies. Mass. Gen. Laws ch. 21A, § 2A.

## Massachusetts Oil and Hazardous
## Material Release Prevention and Response Act

16. Section 5 of Chapter 21E provides that "the owner or operator of a vessel or a site from or at which there is or has been a release of oil or hazardous material . . . shall be liable, without regard to fault, . . . to the [C]ommonwealth for all damages for injury to and for destruction or loss of natural resources, including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of such release or threat of release." Mass. Gen. Laws ch. 21E, §§ 5(a)(1), 5(a)(ii).

17.  Section 2 of Chapter 21E defines "owner or operator" as, "in the case of a vessel, any person owning, operating or chartering by demise such vessel."  Mass. Gen. Laws ch. 21E, § 2.

18.  The term "release" includes "any spilling, leaking . . . discharging . . . dumping or disposing into the environment."  Mass. Gen. Laws ch. 21E, § 2.

19.  The term "environment" includes "waters[] [and] land . . . of the [C]ommonwealth."  Mass. Gen. Laws ch. 21E, § 2.

20.  The term "waters of the Commonwealth" includes "all waters within the jurisdiction of the [C]ommonwealth, including . . . coastal waters."  Mass. Gen. Laws ch. 21E, § 2.

### GENERAL ALLEGATIONS

21.  On April 27, 2003, the tank barge Bouchard No. 120 was being towed by the tugboat Evening Tide across Buzzards Bay, Massachusetts.  At the time, the tank barge Bouchard No. 120 was loaded with No. 6 fuel oil.

22.  During the transit, the vessels strayed off course, and the tank barge struck a rock outcropping, which ruptured the hull of the tank barge and caused the release of tens of thousands of gallons of fuel oil cargo into Buzzards Bay off the shores of the Commonwealth and Rhode Island.

23.  The No. 6 fuel oil released from the tank barge Bouchard No. 120 was "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23), and Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

- 5 -

24.    Buzzards Bay and the waterways in or near the Bay are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21), and are also "waters of the [C]ommonwealth" within the meaning of Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

25.    The discharged oil impacted over 100 miles of beach and shoreline of the Commonwealth and Rhode Island and numerous birds and other wildlife.

26.    Birds and other wildlife are natural resources belonging to, managed by, held in trust by the Commonwealth.  *See, e.g.*, Mass. Gen. L. c. 21, § 1; 33 U.S.C. § 2701(20).

27.    The discharge of oil caused injury to, destruction of, loss of, or loss of use of the natural resources, including certain bird species as specifically identified herein, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth.

28.    As a result of the discharge of oil, the Commonwealth incurred reasonable costs in assessing and evaluating the damage to the natural resources specified herein.

29.    In *United States v. Bouchard Transportation Company, Inc*., Civil Action No. 1:10-cv-11958-NMG (consolidated with Civil Action Nos. 10-111960-NMG (the Commonwealth's case) and 10-12031-NMG (Rhode Island's case)) (D. Mass.), the Commonwealth, together with the United States and the State of Rhode Island, entered into a consent decree (Consent Decree 1), which was entered by the Court on May 18, 2011.  ECF Dkt. No. 19 (C.A. No. 1:10-cv-11958-NMG).  Consent Decree 1 settled some of the Commonwealth's claims for injuries to natural resources.  The claims of the Commonwealth for injuries to birds other than Atlantic Coast Piping Plovers (*Choradrius*

*melodus*), assessment costs related to those claims, and unpaid and unreimbursed costs of assessment (as those terms were defined in Consent Decree 1), however, were specifically excluded from that Consent Decree and the associated Complaint and thus preserved for future resolution.

## CAUSES OF ACTION

**COUNT I:     THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER OPA.**

30.  The Commonwealth realleges and incorporates by reference the averments of paragraphs 1–29.

31.  As a result of the discharge of oil, there has been injury to, destruction of, loss of, or loss of use of "natural resources," as that term is defined in Section 1001(20) of OPA, 33 U.S.C. § 2701(20), for which the Commonwealth is a trustee within the meaning of Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3).  The specific natural resource damages sought by the Commonwealth in this action are to birds other than the Atlantic Coast Piping Plovers.

32.  The Defendants are owners and/or operators of a vessel from which oil was discharged into or on waters and land of the Commonwealth.  33 U.S.C. §§ 2701(7), (32), 2702(a).

33.  As responsible parties for a vessel from which oil was discharged into or on the navigable waters or adjoining shorelines, the Defendants are liable to the Commonwealth under Sections 1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a), 2702(b)(2)(A),

for damages for such injury to, destruction of, loss of, or loss of use of birds other than Atlantic Coast Piping Plovers, as well as the reasonable costs of assessing those damages.

34.   The Defendants are also liable under OPA for any costs of assessment not settled or paid pursuant to Consent Decree 1.

**COUNT II:   THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER MASS. GEN. LAWS CH. 21E.**

35.   The Commonwealth realleges and incorporates by reference the averments of paragraphs 1–29.

36.   As a result of the release of oil into or on waters of the Commonwealth or its adjoining shorelines, within the meaning of Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(ii), there has been injury to, destruction of, loss of, or loss of use of natural resources for which the Commonwealth may seek to recover damages.  The specific natural resource damages sought by the Commonwealth in this action are to birds other than the Atlantic Coast Piping Plovers.

37.   The Defendants are owners and/or operators of a vessel from which oil was released into or on waters and land of the Commonwealth.  Mass. Gen. Laws ch. 21E, §§ 2, 5(a)(1), 5(a)(ii).

38.   As owners and operators of a vessel from which oil was discharged into or on the waters of the Commonwealth or its adjoining shorelines, the Defendants are liable to the Commonwealth under Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(ii), for all damages for such injury to, destruction of, loss of, or loss of use of, birds other than Atlantic Coast Piping Plovers, as well as the costs of assessing and evaluating

such injury, destruction, or loss, incurred or suffered by the Commonwealth as a result of such release.

39.   The Defendants are also liable under Chapter 21E for any costs of assessment not settled or paid pursuant to Consent Decree 1.

## REQUEST FOR RELIEF

WHEREFORE, the Commonwealth respectfully asks that this Court:

A.      Award damages to the Commonwealth under Sections 1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a), 2702(b)(2)(A), for injury to, destruction of, loss of, or loss of use birds other than Atlantic Coast Piping Plovers, all reasonable costs incurred or to be incurred by the Commonwealth in assessing such damages, and any costs of assessment not settled or paid pursuant to Consent Decree 1.

B.      Award damages to the Commonwealth under Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(ii), for injury to, destruction of, loss of, or loss of use of birds other than Atlantic Coast Piping Plovers, all costs incurred or to be incurred by the Commonwealth in assessing and evaluating such damages, and any costs of assessment not settled or paid pursuant to Consent Decree 1.

C.      Award the Commonwealth all of its costs to maintain this action.

D.      Grant such other relief as the Court deems just and proper.

//

//

//

Respectfully submitted,

COMMONWEALTH OF
MASSACHUSETTS

By its attorneys,

MAURA HEALEY
 Attorney General


 /s/ Seth Schofield
Seth Schofield, BBO No. 661210
Assistant Attorney General
Environmental Protection Division
Senior Appellate Counsel
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2436
seth.schofield@state.ma.us

Dated: October 20, 2017

17-10.19 [1] - MA Bouchard Complaint 2 - Bird Claim [fnl].doc

- 10 -